## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AMRO ELANSARI,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 19-CV-3609** |
| | : | |
| **PAMELA RUEST, _et al._,** | : | |
| **Defendants.** | : | |

## MEMORANDUM

**TUCKER, J.**                                                    **AUGUST /7 , 2019**

Plaintiff Amro Elansari, a litigant who is representing himself (proceeding _pro se_) filed

this civil action against the U.S. Marine Corps and the Honorable Pamela Ruest, President Judge

of the Centre County Court of Common Pleas. He also filed a Motion for Leave to Proceed _In_

_Forma Pauperis_ (ECF No. 1). For the following reasons, the Court will grant Elansari leave to

proceed _in forma pauperis_ and dismiss his Complaint.

### I.     FACTS

Elansari's claims are grounded in his frustration that he was prevented from joining the

U.S. Marine Corps "due to fraud." (Compl. at 8.)[1]  A search of public dockets reflects that

Elansari was convicted of various drug-related offenses in Centre County. _See Commonwealth v._

_Elansari_, Docket No. CP-14-CP-0001625-2016 (Centre Cty. Ct. of Common Pleas);

_Commonwealth v. Elansari_, Docket No. CP-14-CR-0000408-2015 (Centre Cty. Ct. of Common

Pleas). He is currently serving a sentence of probation. Elansari wants to register for the Marine

_____

[1] The Court adopts the pagination assigned to the Complaint by the CM-ECF docketing system.

Corps but was told by Marine Corps representatives in Philadelphia that he could not register if he was on probation.

Accordingly, Elansari petitioned the Court in Centre County for early termination of his probation due to good behavior. (Comp. at 10.) After a hearing, Judge Ruest denied Elansari's petition. *See Commonwealth v. Elansari*, Docket No. CP-14-CP-0001625-2016 (Centre Cty. Ct. of Common Pleas); *Commonwealth v. Elansari*, Docket No. CP-14-CR-0000408-2015 (Centre Cty. Ct. of Common Pleas). Elansari's allegations reflect his dissatisfaction with how the hearing was handled and the fact that he will not be able to sign up for the Marine Corp.[2]

Elansari indicates that he intends to bring Due Process and Equal Protection claims against the Defendants. The Court understands these claims to be based on the denial of his petition for early termination of his probation and the fact that he is not currently eligible for the Marine Corps.[3] He asks the Court to allow him to enlist in the armed services.

## II.  STANDARD OF REVIEW

The Court will grant Elansari leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action. Accordingly, Elansari's Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), which requires the Court to dismiss the Complaint if it frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). Whether a complaint fails to state a claim under §

---

[2] Elansari's allegations are laced with profane language and obscenities that are neither relevant to his case nor appropriate.

[3] To the extent Elansari raises generalized societal grievances, those grievances do not support a basis for a claim and will not be discussed further.

1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not suffice." *Id.* Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As Elansari is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

The Court understands Elansari to be pursuing constitutional claims against the U.S. Marine Corps pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Here, there is no legal basis for a *Bivens* remedy either against a United States agency or in the military context. *See id.* at 476 ("An extension of *Bivens* to agencies of the Federal Government is not supported by the logic of *Bivens* itself."); *United States v. Stanley*, 483 U.S. 669, 684 (1987) ("We hold that no *Bivens* remedy is available for injuries that 'arise out of or are in the course of activity incident to service.'" (quoting *Feres v. United States*, 340 U.S. 135, 146 (1950))).

The Court understands Elansari to be raising constitutional claims pursuant to 42 U.S.C. § 1983 against Judge Ruest based on the way she handled his hearing and the denial of his petition. However, judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the

complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978);

*Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam). As Elansari is suing Judge

Ruest based on how she handled his petition and the related hearing, which were handled in her

judicial capacity, his claims against Judge Ruest are barred by absolute judicial immunity.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Elansari leave to proceed *in forma*

*pauperis* and dismiss his Complaint. He will not be given leave to file an amended complaint,

because he cannot cure the defects discussed in this Memorandum. An appropriate Order

follows.

**BY THE COURT:**

**PETRESE B. TUCKER, J.**

4